```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
CHARLENE KAY RAY, on behalf of herself :
and all others similarly situated,     :
                                       :       15cv8540 (DLC)
                    Plaintiff,         :
                                       :     OPINION AND ORDER
             -v-                       :
                                       :
SAMSUNG ELECTRONICS AMERICA,           :
INC., and SAMSUNG ELECTRONICS CO.,     :
LTD,                                   :
                    Defendants.        :
---------------------------------------X
```

APPEARANCES:

For the plaintiff:

Amy E. Keller
Edward A. Wallace
Wexler Wallace LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603

Charles LaDuca
Cuneo, Gilbert & LaDuca, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814

Ben Elga
Cuneo, Gilbert & LaDuca, LLP
16 Court St., Suite 1012
Brooklyn, NY 11241

Clayton D. Halunen
Melissa Wolchansky
Amy E. Boyle
Halunen Law
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

For the defendants:

Ingo Sprie, Jr.
Maggie C. Maurone
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022

DENISE COTE, District Judge:

This putative class action is brought by Charlene Kay Ray ("Ray") on behalf of those who purchased or otherwise acquired in the United States washing machines designed or manufactured by Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC").  SEA moved to dismiss the amended complaint in its entirety under Rule 12(b)(6), Fed. R. Civ. P. SEC has joined that motion.  For the reasons that follow, the motion is granted.

## Background

These facts are taken from the complaint or documents integral to the complaint.  In early November 2012, Ray paid $594.99 for a Samsung washing machine, model number WA456, that she purchased from a Best Buy in Garner, North Carolina.  She used the washing machine for its undisputed intended purpose (washing clothes) until May 2015.  At that time, Ray's washing machine stopped mid-cycle and she received an error message that referenced a "balancing issue."  The machine began to leak water on Ray's floor and the washing machine was not usable without repairs.  Ray contacted Samsung about this problem and Samsung

2

informed her that the washing machine was no longer covered by its limited warranty.  On June 4, 2015, a Sears technician came to Ray's home and installed a new Pump Kit on the machine.  The technician allegedly told Ray that the rods in Samsung washing machines were not sufficiently strong to hold their drums in place; this problem causes damage to the machines and their component parts.  Ray paid a total of $278.21 to have the new Pump Kit installed.  This cost was not reimbursed by Samsung. Ray does not allege that the machine continues to malfunction; presumably, therefore, the repair was successful and she was able to resume using the washing machine.

Ray alleges that the following facts are common to the members of putative national and North Carolina classes.  Since at least 2011, Samsung has received complaints concerning certain models of its top-loading washing machines.  Samsung elected to continue selling defective washing machines and did not issue a recall or warn consumers about the possible dangers associated with using the machines.  For example, Samsung's top-loading washing machines contain powerful motors that allow the machines to achieve a fast spin cycle.  If the wash drum becomes detached during the spin cycle, it may strike the bracket that supports the discharge pump, and cause a leak or flood a home with water.  A detached drum may even cause the washing machine to "explode," meaning that the washing machine moves from its

original position and expels debris.  According to the complaint, the washing machines are unfit for their ordinary purpose at the time of sale and have caused class members personal injury and property damage.  The plaintiff reproduces several online complaints from putative class members who had issues with their Samsung washing machines.  Many of these online consumer complaints involve washers that have different model numbers from the one that Ray purchased.  The complaint also alleges that stories about latent defects in Samsung washing machines have been documented in the news media.

Samsung offers original purchasers a limited warranty on the model of washing machines at issue in this litigation.  The warranty protects against manufacturing defects in materials and workmanship for one year for both parts and labor.  It also provides a limited warranty for control board parts for two years, for the stainless tub part for three years, and for the motor for ten years.  Samsung disclaims all other warranties, whether implied or express.[1]  According to Ray, Samsung routinely denies warranty claims based on the defective parts at issue

---

[1] Although the complaint does reproduce the limited warranty, it omits a description of Samsung's notice to consumers that there is no implied warranty.  SEA provided a copy of the disclaimer of implied warranty claims with its motion to dismiss papers and a copy of the manual that accompanied Ray's machine with its reply brief.  As discussed below, these documents are properly considered as integral to the complaint.

even though the warranty for the relevant part has not yet expired.  The plaintiff also claims that the limitations on Samsung's limited warranty are unconscionable.

The plaintiff alleges that Samsung has knowledge of a defect in the design of the location of the drain pump.  In support of this allegation, the plaintiff points to Samsung's issuance of at least two "Service Bulletins" in 2013 for WA456 washing machines that contained instructions for repairing problems with the drain pump system.  The second bulletin instructed service providers to change the position of components of the drain pump to improve quality.  The instructions do not apply, however, to units like the plaintiff's that were manufactured before December 23, 2012. Ray also points to the fact that, in 2012, the Consumer Product Safety Commission ("CPSC") recalled LG's high-efficiency washing machines because consumers submitted complaints involving defects and injuries.  That recall was initiated by the CPSC. Samsung has not issued such a recall.

Ray brings the following claims on behalf of herself and putative national and North Carolina classes: (1) breach of implied warranty of merchantability; (2) breach of express warranty; (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.; (4) injunctive relief; and (5) a declaration that the common defects identified in the complaint

pose serious safety risks to consumers and the public pursuant
to 28 U.S.C. § 2201(a).  Ray brings one cause of action for
unfair and deceptive trade practices, N.C. Gen. Stat. § 75-1.1
et seq., on behalf of herself and the North Carolina class only.

The complaint in this action was originally filed on
October 30, 2015, over four months after the repair to the
plaintiff's machine.  On January 4, 2016, SEA filed its first
motion to dismiss.  On January 14, the case was reassigned to
this Court.  The plaintiff was given an opportunity to file
either an opposition to the motion to dismiss or an amended
complaint.  On February 22, the plaintiff filed an amended
complaint.  SEA filed its renewed motion to dismiss on March 14,
which became fully submitted on May 6.  On June 6, SEC joined
SEA's motion.[2]

## Discussion

When deciding a motion to dismiss under Rule 12(b), Fed. R.
Civ. P., a court must "accept all allegations in the complaint
as true and draw all inferences in the non-moving party's
favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d
471, 475 (2d Cir. 2009).  "To survive a motion to dismiss under
Rule 12(b)(6), a complaint must allege sufficient facts which,

[2] On May 27, the plaintiff filed a motion to appoint interim
class counsel.  The defendants filed their opposition on June
10.  Because this motion to dismiss is granted in full, the
motion to appoint interim class counsel is denied as moot.

taken as true, state a plausible claim for relief." Keiler v.
Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014); Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain
sufficient factual matter, accepted as true, to state a claim
for relief that is plausible on its face.").  "A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Parkcentral
Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208
(2d Cir. 2014) (citation omitted).

In deciding a motion to dismiss, documents outside the
pleadings may be considered in certain circumstances.  For
example, documents "that the plaintiffs either possessed or knew
about and upon which they relied in bringing suit" may be
considered. Smith v. Hogan, 794 F.3d 249, 254 (2d Cir. 2015)
(citation omitted).  Moreover, "a court may consider an
'integral' document where the complaint relies heavily upon its
terms and effect." Id. (citation omitted).  The defendant
attached exhibits to its motion to dismiss, including the
implied warranty disclaimer that was included with the
plaintiff's washing machine.  That document is integral to the
complaint.  The amended complaint recites portions of the
Samsung warranty and its validity is central to at least one of
Ray's claims.

7

## I.    Implied Warranty of Merchantability

Under North Carolina law,[3] "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  N.C. Gen. Stat. § 25-2-314(1).  In order to qualify as "merchantable," goods must meet various requirements.  Id. § 25-2-314(2)(a)-(f).  Those requirements include fitness for "the ordinary purposes for which such goods are used," which is the key characteristic of merchantable goods at issue in this litigation.  Id. § 25-2-314(2)(c).

To state a claim for a breach of the implied warranty of merchantability, a plaintiff must plausibly plead: "(1) that the goods in question were subject to an implied warranty of merchantability; (2) that the goods were defective at the time of the sale and as such did not comply with the warranty; (3) that the resulting injury was due to the defective nature of the goods; and (4) that damages were suffered."  Williams v. O'Charley's, Inc., 728 S.E.2d 19, 21 (N.C. Ct. App. 2012); DeWitt v. Eveready Battery Co., 565 S.E.2d 140, 147 (N.C. 2002)

---

[3] The Court must determine what substantive law governs the dispute.  The defendant argues that North Carolina law applies, and the plaintiff impliedly indicated her consent to the application of North Carolina law by failing to address the issue and citing North Carolina law in her brief.  Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (citation omitted)).

(same four elements).  "The burden is upon the purchaser to
establish a breach by the seller of the warranty of
merchantability by showing that a defect existed at the time of
the sale."  Morrison v. Sears, Roebuck & Co., 354 S.E.2d 495,
497 (N.C. 1987) (citation omitted).  A plaintiff ultimately may
demonstrate that a product was defective at the time of sale
through circumstantial evidence, such as proof that the accident
would not have occurred absent a manufacturing defect.  Evans v.
Evans, 569 S.E.2d 303, 307-08 (N.C. Ct. App. 2002).

The implied warranty of merchantability can be excluded or
modified.  "[T]o exclude or modify the implied warranty of
merchantability . . . the language must mention merchantability
and in case of a writing must be conspicuous."  N.C. Gen. Stat.
§ 25-2-316(2).  General disclaimers that "there are no
warranties which extend beyond the description on the face
hereof" are effective.  Id.  A written disclaimer is
"conspicuous" when it is "written, displayed, or presented that
a reasonable person against which it is to operate ought to have
noticed it."  N.C. Gen. Stat. § 25-1-201(10).  Disclaimers that
are conspicuous include "[a] heading in capitals equal to or
greater in size than the surrounding text, or in contrasting
type, font, or color to the surrounding text of the same or
lesser size."  Id.  Disclaimers in capitalized print that
contrasts with surrounding text have been found to be effective

under North Carolina law.  Lee v. R & K Marine, Inc., 598 S.E.2d
683, 685-86 (N.C. Ct. App. 2004).

The plaintiff's claim for a breach of the implied warranty
of merchantability is dismissed.  Ray has failed to plead
plausibly that her washing machine was defective (or not
merchantable) at the time of sale.  She used the washing machine
without incident for more than two years.  A part broke outside
its warranty period and she had to get it repaired.  The
complaint does not contain any facts that suggest that the
repair was ineffective due to some underlying defect.  Thus, she
has not plausibly pleaded that her washing machine was not fit
for its ordinary purpose when sold or that some latent defect
rendered it unable to wash her clothes.

In any event, the defendants effectively disclaimed
liability for the implied warranty of merchantability under
North Carolina law.  The disclaimer of the implied warranty of
merchantability is in all capital letters, in contrast with the
limited warranty's print, and appears in the section of the
document that alerts consumers in bold print and capital letters
to the "**LIMITED WARRANTY TO ORIGINAL PURCHASER.**"  This
disclaimer reads: "EXCEPT AS SET FORTH HEREIN, THERE ARE NO
WARRANTIES ON THIS PRODUCT EITHER EXPRESS OR IMPLIED, AND
SAMSUNG DISCLAIMS ALL WARRANTIES INCLUDING, BUT NOT LIMITED TO,
ANY IMPLIED WARRANTIES OF MERCHANTABILITY, INFRINGEMENT OR

10

FITNESS FOR A PARTICULAR PURPOSE."  The disclaimer is therefore conspicuous under North Carolina law.

The first amended complaint acknowledges that Samsung "provides for a limitation on the customer's ability to bring implied warranty claims against Samsung."  The plaintiff argues, however, that it is too early to determine whether the implied warranty disclaimer was effective because the exhibits that SEA submitted with its motion may not be the actual warranty disclaimer that accompanied her washing machine.  Given that Ray's pleading acknowledges receipt of some implied warranty disclaimer in her complaint, this argument borders on the misleading.  Beyond speculation, Ray does not provide any basis to find that the copy of the warranty SEA submitted was not the warranty she received with her machine.

The plaintiff's other arguments against dismissal are not persuasive.  Ray points to particular passages in the complaint in arguing that she has adequately alleged defects at the time the product was sold.  These passages are conclusory or relate to alleged defects in Samsung machines that are untethered to the defect in the plaintiff's machine that required the pump kit repair.  For instance, the plaintiff has not pleaded that the rods in her machine are insufficient to hold the washing machine drum in place or that the drum became detached, which is what occurred when other putative class members' machines "exploded."

Her machine required repairs to its pump after two and a half years of use.  The pump was successfully repaired, and the machine continued to perform its intended function.

Ray also argues that the implied warranty disclaimer is unconscionable, even if it is sufficiently conspicuous and meets the other legal requirements.  Under North Carolina law,

> A court will find a contract to be unconscionable only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other.

Tillman v. Commercial Credit Loans, Inc., 655 S.E.2d 362, 369 (N.C. 2008) (citation omitted).  "A party asserting that a contract is unconscionable must prove both procedural and substantive unconscionability."  Id. at 370.  Procedural unconscionability "involves bargaining naughtiness in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power."  Id. (citation omitted).  "Substantive unconscionability . . . refers to harsh, one-sided, and oppressive contract terms."  Id.  See Wilner v. Cedars of Chapel Hill, LLC, 773 S.E.2d 333, 337 (N.C. Ct. App. 2015) ("[P]laintiffs alleged only that defendants were more sophisticated and drafted the contracts to their own benefit. This alone does not rise to the level of procedural unconscionability. . . . Otherwise, procedural unconscionability

12

would exist in most contracts between corporations and consumers." (citation omitted)).

The implied warranty disclaimer is not unconscionable under these standards.  The plaintiff has not pled any facts that, if true, indicate that disclaiming the implied warranty is unduly harsh or so oppressive a contract term that no reasonable person would enter into such an agreement.  Indeed, North Carolina law explicitly allows the implied warranty of merchantability to be disclaimed as long as certain conditions are met.  A finding of unconscionability here would render any such disclaimer, permissible under North Carolina law and other states that have adopted the Uniform Commercial Code, void.

## II.  Express Warranty

A claim for breach of express warranty under North Carolina law requires proof of "(1) an express warranty as to a fact or promise relating to the goods, (2) which was relied upon by the plaintiff in making his decision to purchase, (3) and that this express warranty was breached by the defendant."  Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Directors v. DJF Enterprises, Inc., 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (citation omitted).  The "element of reliance can often be inferred from allegations of mere purchase or use if the natural tendency of the representations made is such as to induce such

purchase or use."  Bernick v. Jurden, 293 S.E.2d 405, 413 (N.C. 1982).

The plaintiff's theory of liability is that the defendants breached the express written warranty to repair defects in the washing machine motor for ten years.  Specifically, Ray alleges that the 2015 repair to her washing machine pump was covered by the longer warranty period for the motor rather than the one-year warranty period for parts and labor.

Ray's express warranty cause of action is dismissed.  She has not pled a plausible claim that the defendants wrongfully denied her warranty claim when they refused to finance the repair to her washing machine.  Ray has not pled that the motor in her machine caused her machine's tub to become detached and damage her pump.  The Sears technician who fixed her machine's pump did not have to repair either the motor or the tub.  The technician's opinion that the "rods" in Samsung machines generally are insufficient to "hold the drum in place" is unconnected to any repair he performed on the pump.

The plaintiff's arguments to the contrary are not persuasive.  Ray points to several paragraphs of her complaint that she claims plausibly allege a breach of the express limited warranty.  In those passages, which are alleged as facts common to all class members, Ray describes some issues that other owners of Samsung machines have experienced.  They include the

14

washing machine drum detaching, causing the machine to "explode," flooding a consumer's home with water and causing personal injuries.  This, of course, did not happen to Ray.[4]

Ray also claims that she is entitled to discovery to determine whether the motor part contributed to her washing machine's malfunction.  If the motor part was a factor, she argues, the repairs should have been covered under that ten-year warranty.  According to the first amended complaint, however, the "Pump Kit" was replaced, and neither the tub nor the motor was repaired.  Her inability to allege plausibly that the repairs should have been covered under the longer warranty for the motor defeats her claim.

Ray next contends that, if the one-year warranty for parts and labor prevents her from recovering from Samsung for the cost of the repair to the pump, such a limitation is void because it is unconscionable.  This argument fails under the standards outlined above.  The complaint's allegations of unconscionability are conclusory and entitled to no weight. There is no allegation that suggests "bargaining naughtiness" or that the limited warranty terms are so harsh, one-sided, or manifestly unreasonable that they are unconscionable.  "The mere

---

[4] The other section of the complaint to which Ray directs the Court involves complaints about "[o]ther manufacturers' washing machines," such as LG.

fact that plaintiffs lacked the ability to negotiate contract terms does not create substantive unconscionability." Wilner, 773 S.E.2d at 337.

The plaintiff also argues that she is entitled to an opportunity to present evidence before the Court can rule on her claim that a one-year warranty period for parts is unconscionable. North Carolina law provides that: "When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination." N.C. Gen. Stat. § 25-2-302(2). The plaintiff also relies on a pre-Iqbal Fourth Circuit case cautioning that unconscionability claims should rarely be determined at the pleadings stage. Carlson v. Gen. Motors Corp., 883 F.2d 287, 292 (4th Cir. 1989). Although acknowledging that the issue of unconscionability may be decided as a matter of law, the Fourth Circuit observed that "[t]rial courts obviously cannot apply [the unconscionability] standards without carefully examining all relevant evidence of the setting in which the parties struck their bargain -- and thus cannot resolve bona fide questions of unconscionability before the litigants have had an opportunity to present such evidence." Id. at 293.

16

Federal pleading standards require Ray to plead a plausible claim of both substantive and procedural unconscionability under North Carolina law to survive a motion under Rule 12(b)(6), Fed. R. Civ. P.  As described above, her conclusory allegations concerning unconscionability are insufficient.  The plaintiff's suggestion that a more forgiving pleading standard should be applied to unconscionability claims, and that they must be allowed to proceed to discovery, is rejected.  The plaintiff has not plausibly pleaded that a one-year warranty for parts and labor for a standard consumer item such as a washing machine is unconscionable.

### III. Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., provides consumers with a private cause of action for violations of implied and express warranties in certain circumstances.  Wilbur v. Toyota Motor Sales, U.S.A., Inc., 86 F.3d 23, 26 (2d Cir. 1996).  The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief" in federal court.  15 U.S.C. § 2310(d)(1).[5]

─────────────

[5] The MMWA also limits the subject matter jurisdiction of the federal courts to adjudicate such claims.  For example, there is

The MMWA specifically defines "written warranty" and "implied warranty."[6]  Implied warranties "may be limited in duration to the duration of a written warranty of reasonable duration," but may not be permanently disclaimed if there is "any written warranty" made to the consumer.  Id. § 2308(a)-(b).[7]  See also id. § 2304(a)(2)-(3).  In addition to damages, a successful plaintiff may recover attorney's fees.  Id. § 2310(d)(2).

In general, the MMWA "is a remedial statute designed to protect consumers against deceptive warranty practices."  Anderson, 662 F.3d at 780.  Under the MMWA, limited and implied warranties can be enforced in federal court, "borrowing state

---

a $50,000 amount in controversy requirement for individual claims.  15 U.S.C. § 2310(d)(3)(B).  It further provides that "no claim shall be cognizable . . . if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."  Id. § 2310(d)(3)(C).  Moreover, in a class action, the "person obligated under the warranty" must be "afforded a reasonable opportunity to cure such failure to comply" with the warranty.  Id. § 2310(e).  The defendants do not argue that the plaintiff fails to meet these requirements.

[6] There is a further distinction in the MMWA between "full" written warranties and "limited" written warranties.  See 15 U.S.C. §§ 2303(a) and 2304(a); Anderson v. Gulf Stream Coach, Inc., 662 F.3d 775, 781 (7th Cir. 2011).  The written warranty at issue here is labeled a "limited" warranty, so this distinction need not be addressed in resolving the motion to dismiss.  The parties do not appear to dispute that the limited warranty accompanying Ray's washer qualifies as a written warranty under the MMWA.

[7] The MMWA also provides that "[a] disclaimer . . . made in violation of this section shall be ineffective for purposes of this chapter and State law."  15 U.S.C. § 2308(c).

law causes of action." Id. at 781 (citation omitted).  Thus,
"for all practical purposes, the MMWA operates as a gloss on the
[plaintiff's] state law breach of warranty claims." Id.; see
Sipe v. Workhorse Custom Chassis, LLC, 572 F.3d 525, 530 (8th
Cir. 2009) ("The MMWA grants the holder of a limited warranty a
federal cause of action for a breach of warranty under the
applicable state law."); Birdsong v. Apple, Inc., 590 F.3d 955,
958 n.2 (9th Cir. 2009) (noting that the parties agreed that the
MMWA "require[s] the plaintiffs to plead successfully a breach
of state warranty law").

     The parties do not provide detailed arguments concerning
the merits of the plaintiff's MMWA claim.  They do agree,
however, that the MMWA claim depends on the plaintiff
successfully pleading a breach of written or implied warranties
under state law, even though the MMWA does in some ways modify
or restrict certain state law warranty claims.  For the reasons
described above, the plaintiff's state law claims for breach of
an express warranty and the implied warranty of merchantability
are dismissed.  Accordingly, the MMWA claim is dismissed as
well.

**IV.  Unfair and Deceptive Trade Practices Claim**

     Ray brings a state law claim under North Carolina's Unfair
and Deceptive Trade Practices Act ("UDTPA") on behalf of herself
and the putative North Carolina class.  The UDTPA provides that:

"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."  N.C. Gen. Stat. § 75-1.1(a); Id. § 75-16 (providing for a civil cause of action for those injured by violations of the UDPTA and treble damages for such injuries). In order to state a claim under the UDTPA, a plaintiff must plead that the "(1) defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff."  Ellis v. Louisiana-Pac. Corp., 699 F.3d 778, 787 (4th Cir. 2012) (citation omitted).

Whether conduct is 'unfair' or 'deceptive' is a legal issue for the court to decide."  Id.  "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  Sain v. Adams Auto Grp., Inc., 781 S.E.2d 655, 661 (N.C. Ct. App. 2016) (citation omitted).  For a claim to be considered deceptive, "it is not necessary to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception."  Wells Fargo Bank, N.A. v. Corneal, 767 S.E.2d 374, 377 (N.C. Ct. App. 2014) (citation omitted).  A plaintiff must, however, "show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception."  Id. (citation omitted).

Claims under the UDTPA that "stem[] from an alleged misrepresentation [do] . . . require a plaintiff to demonstrate reliance on the misrepresentation in order to show the necessary proximate cause." Bumpers v. Cmty. Bank of N. Virginia, 747 S.E.2d 220, 226 (N.C. 2013).

Moreover, "[i]t is well recognized that actions for unfair or deceptive trade practices are distinct from actions for breach of contract." Heron Bay Acquisition, LLC v. United Metal Finishing, Inc., 781 S.E.2d 889, 892 (N.C. Ct. App. 2016) (citation omitted). Thus, "some type of egregious or aggravating circumstances must be alleged and proved before the Act's provisions may take effect." Id. (citation omitted). In other words, "simple breach of contract does not qualify as unfair or deceptive acts" absent such aggravating circumstances. Supplee v. Miller-Motte Bus. Coll., Inc., 768 S.E.2d 582, 598 (N.C. Ct. App. 2015) (citation omitted); Ellis, 699 F.3d at 787 (holding that "breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain a UDPTA claim" (citation omitted)). Courts have thus dismissed claims where a consumer alleged that the defendant "knew that [the product] would not live up to the terms of the warranty and should have disclosed this fact to consumers" because "this is simply another way of claiming that [the defendant] breached its express warranty." Ellis, 699 F.3d at 787.

The defendants argue that, because the UDPTA claim sounds in fraud, it is subject to the heightened pleading requirements in Rule 9(b), Fed. R. Civ. P., which requires that fraud claims be "stated with particularity." See Topshelf Mgmt., Inc. v. Campbell-Ewald Co., 117 F. Supp. 3d 722, 731 (M.D.N.C. 2015) (applying Rule 9(b) to a UDTPA claim based on a deceptive misrepresentation).  Ray does not contest SEA's conclusion and applies Rule 9(b) in her brief.  Rule 9(b) requires that the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 171 (2d Cir. 2015) (citation omitted). "[T]hough mental states may be pleaded generally, Plaintiffs must nonetheless allege facts that give rise to a strong inference of fraudulent intent."  Id. (citation omitted).

Ray's claim under the UDTPA is dismissed, even if the more lenient pleading standards in Rule 8 apply.  She has not plausibly pled that the defendants engaged in unfair or deceptive trade practices, in part because she has not alleged any facts that demonstrate egregious or aggravating circumstances.  Even accepting Ray's conclusory allegations as true, she has not shown that the defendants' conduct in

manufacturing or selling the washing machine was immoral, oppressive, or created the likelihood of deception.  Ray bought her washing machine in November of 2012, and pleads on information and belief that the defendants "knew that certain models of its top-loading washing machines were uniformly defective" and unsafe for their ordinary use.  Not only is this insufficient to plead a claim for an unfair or deceptive practice, Ray has failed to plead that any injuries she suffered were proximately caused by the alleged misrepresentations and omissions about the washing machines.  As described at length above, her washing machine broke after two and a half years of use, she had the "Pump Kit" replaced, and then it worked. Nothing suggests that she experienced any injury beyond incurring the cost of the repair.  That injury is a contractual one, and thus it is not actionable under the UDTPA, which is distinct from claims arising under contract.  See Ellis, 699 F.3d at 787.

The plaintiff's arguments fail to persuade.  She contends that Samsung knowingly sold defective washing machines without disclosing their defects and affirmatively represented that they were safe for their intended purpose.  This, she claims, was unfair and deceptive under the statute.  The plaintiff cites several passages in her complaint, but primarily focuses on a 2012 recall of LG washing machines that was initiated by the

CPSC and two 2013 service bulletins issued by Samsung.  She

argues that these two facts demonstrate the defendants'

knowledge of the defect and sufficiently allege an unfair or

deceptive trade practice under North Carolina law.  A 2012

recall of LG machines is not relevant to Ray's claim, however,

because a CPSC-initiated recall of machines manufactured by a

different entity does not demonstrate that the defendants knew

of defects in Samsung's own products.  Moreover, the 2013

service bulletins as described in the complaint do not provide

information about what the defendants knew, if anything, about

the defects in Ray's washing machine when she purchased it a

year before they were released.[8]

### V.   Declaratory and Injunctive Relief

Ray seeks both declaratory and injunctive relief,

enumerating each as a separate cause of action.  Declaratory

relief under 28 U.S.C. § 2201(a) and a request for an injunction

are not separate causes of action; they are remedies that may be

available if a plaintiff is entitled to relief based on one or

more causes of action.  Because none of Ray's claims survive

this motion to dismiss, she cannot seek injunctive relief.  See

Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 438 (2d Cir.

---

[8] It is also not entirely clear that the issues covered by the
service bulletins relate to the defect that caused some washing
machines -- but not Ray's -- to "explode."

2013) (in general, an "equitable remedy" does not constitute an
"independent cause[] of action"); Williams v. Walsh, 558 F.2d
667, 671 (2d Cir. 1977) (finding that "the independent remedies
of a damage award and injunctive relief do not constitute
separate 'causes of action'").  Moreover, having dismissed all
of the plaintiff's substantive claims, she has no basis for
seeking a court declaration that the washing machines have
common defects that pose a safety risk to the public.
Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct.
843, 849 (2014) (holding that the Declaratory Judgment Act is
"only procedural, leaving substantive rights unchanged"
(citation omitted)).

**VI.  Request to Amend the Complaint**

    Ray requests that, in the event that the motion to dismiss
is granted, she be afforded an additional opportunity to amend
her complaint under Rule 15, Fed. R. Civ. P.  "When a party
requests leave to amend its complaint, permission generally
should be freely granted."  Grullon v. City of New Haven, 720
F.3d 133, 139 (2d Cir. 2013) (citation omitted); Fed R. Civ. P.
15(a)(2) ("The court should freely give leave [to amend] when
justice so requires.").  "Leave to amend may properly be denied
if the amendment would be futile," however.  Krys v. Pigott, 749
F.3d 117, 134 (2d Cir. 2014).  "A proposed amendment to a
complaint is futile when it could not withstand a motion to

dismiss." <u>Balintulo v. Ford Motor Co.</u>, 796 F.3d 160, 164-65 (2d Cir. 2015) (citation omitted).

Ray's request to amend her complaint a second time is denied.  She has not proposed any specific amendments to the first amended complaint that would cure the defects identified in this Opinion.  She merely generally requests an opportunity to amend if further factual allegations would allow her complaint to survive a motion to dismiss.  <u>See</u> <u>Loreley Fin. (Jersey) No. 3 Ltd.</u>, 797 F.3d at 190 (noting that leave to amend has been properly denied "where the request gives no clue as to how the complaint's defects would be cured." (citation omitted)).  Ray has already amended her complaint once in response to SEA's initial motion to dismiss, which contained substantially the same arguments advanced in its renewed motion. Based on the allegations in the complaint and Ray's substantive causes of action, an amendment would be futile.

## Conclusion

SEA's March 14, 2016 motion to dismiss is granted.  SEC's June 6, 2016 motion to dismiss is granted.  The plaintiff's May 27, 2016 motion to appoint interim class counsel is denied as moot.  The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:    New York, New York
          June 17, 2016

_____
DENISE COTE
United States District Judge